## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

Barbara Allison; Martha Adkins; Greg
Barber; Domenic Bernabei; Leroy
Brackett; Dreama Brant; Anna Braswell;
Sandy Brewer; Ronald Coleman; Leodis
Conner; Judy Craft; Jeffery Curtis;
Linda Di Maria; Cordelia Dickens;
Dennis Dubuque; Phillip Dugan; Ronnie
Ellison; Tommie Franklin; Joan Fusco;
Mary Gallant; Joseph Garcia; Sharon
Gilbertson; Cosmo Giusti; Richard
Godbout; Tracy Greer; Amber Hamilton
- Roberts; Marilynne Harrison; James
Henderson; Lillian Henry; Theresa
Hodgdon; Teresa Hutcheson; Richard
Jarer; Michael Johnson; Pearlie Johnson;
Mark Kelly; Mildred Kelly; Russel
Krause; Joseph Landrum; Cheryl
Langer; Ronnie Lewis; Leon Lindquist,
Jr.; James Logan; James Madore;
Manuel Madrid; Karen Maestas; Marie
Magarelli; Scott Maziarz; Jimmy
McCarley; Dirk Monger; Arlene Moore;
Robert Neal; Nadine Oglesby; Michael
Paige; Elvin Parker; Charles Parrott;
Dewey Patterson; Bobby Pearl; Douglas
Perritt; Bruce Pollard; Angela Raskell;
Harriett Rideeoutte; Kerry Rivera;
Victoria Robbins; Wendy Robinson;
Yvonne Roper; Wilbert Roundtree;
Daniel Rusher; John Ryder; Kerry
Schlei; Kornelia Schreiter; Ray Sellers,
Jr.; Boyce Sharpe; William Shelly; Janet
Sheppard; Glenn Skenadore; Damon
Smith; Gloria Smith; Terry Smith; Billy
Spearman; Margie Stam; Christine
Thomas; Jerald Thompson; Emily Use;
Johnny Vollers; Dawn Wagster; Al

Civ. No.

**JURY TRIAL DEMANDED**

Williams; Glen Wilson; Jeffrey Wonser;
Cindy Yapp; and Robert Yates

        Plaintiffs,

    v.

GlaxoSmithKline, LLC; Pfizer Inc.;
Boehringer Ingelheim Pharmaceuticals,
Inc.; Boehringer Ingelheim USA
Corporation; Sanofi-Aventis U.S. LLC;
Sanofi U.S. Services, Inc.; AND Patheon
Manufacturing Services, Inc.,

        Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant GlaxoSmithKline

LLC ("Removing Defendant") hereby gives notice of removal of this action,

*Barbara Allison v. GlaxoSmithKline LLC*, No. N22C-08-173, from the Superior

Court of Delaware to the United States District Court for the District of Delaware,

and asserts the following in support thereof:

## PRELIMINARY STATEMENT

1.    This action is one of over two thousand individual lawsuits filed against

manufacturers, distributors, and sellers of Zantac (ranitidine) or its generic

equivalents, alleging that use of the medication can cause cancer.  On February 6,

2020, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL in the

Southern District of Florida for pretrial coordination of cases like this one—*i.e.*,

cases "in which plaintiffs allege that they developed cancer as a result of N-

Nitrosodimethylamine ("NDMA") formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020).  The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, over 2,000 actions have been transferred to or filed in the Zantac MDL.

2.      On August 18, 2022, Plaintiffs filed this multi-plaintiff Complaint in the Superior Court of Delaware against Defendants, joining together ninety individual Plaintiffs from twenty-one different states.  Plaintiffs allege—like countless others in the MDL—that they each ingested Zantac and/or generic ranitidine and, as a result, developed cancer.  Compl. ¶¶ 10–465.  Defendants are some of the numerous entities involved in the manufacture, distribution, and sale of various Zantac or generic ranitidine formulations at different times over the medication's forty-year history.

3.      Plaintiffs' decision to join their claims in one Complaint rather than filing individual complaints violates both the Federal and Delaware Superior Court Rules of Civil Procedure.  *See* Fed. R. Civ. P. 20; Del. Super. Ct. R. Civ. P. 20.

4.      As further explained below, Plaintiffs fraudulently misjoined their claims to defeat diversity jurisdiction and frustrate removal  of diverse claims to federal court and transfer to the established Zantac MDL for coordinated and

efficient pretrial proceedings.  If Plaintiffs had not improperly joined their claims and had proceeded with individual actions as the Rules require, federal diversity jurisdiction would exist as to the claims of at least **seventy-three** Plaintiffs ("the Diverse Plaintiffs"),[1] because Defendants are not citizens of any of those Plaintiffs' states of residence.  Therefore, this Court should sever Plaintiffs' improperly joined claims pursuant to Federal Rule of Civil Procedure 21 and retain jurisdiction over the Diverse Plaintiffs' claims, thereby preserving the diversity that should have existed but for Plaintiffs' gamesmanship.

---

[1] Specifically, the Diverse Plaintiffs include Leroy Brackett, Leodis Conner, Jeffrey Curtis, Cordelia Dickens, Tommie Franklin, Tracey Greer, Mildred Kelly, Mark Kelly, Joseph Landrum, Ronnie Lewis, Arlene Moore, Nadine Orlesby, Dewey Patterson, Wilbert Roundtree, Ray Sellers, Jr., Terry Smith, Damon Smith, Billy Spearman, Emily Use, Al Williams, Joseph Garcia, James Logan, James Madore, Manuel Madrid, Karen Maestes, Cosmo Giusti, Barbara Allison, Dreama Brant, Judy Craft, Ronnie Ellison, James Henderson, Pearlie Johnson, Marie Magarelli, Jimmy McCarley, Robert Neal, Elvin Parker, Charles Parrott, Douglas Perritt, Wendy Robinson, Yvonne Roper, Kornelia Schreiter, Boyce Sharpe, Janet Sheppard, Dubuque, Phillip Dugan, Amber Hamilton-Roberts, Bobby Pearl, Daniel Rusher, William Shelly, Christine Thomas, Michael Johnson, Angela Raskell, Jeffrey Wonser, Cindy Yapp, Michael Paige, Anna Braswell, Gloria Smith, Dawn Wagster, Robert Yates, Joan Fusco, Theresa Hodgdon, Bruce Pollard, Johnny Vollers, Sandy Brewer, John Ryder, Leon Lindquist, Jr., Lillian Henry, Teresa Hutchenson, Margie Stam, Jerald Thompson, Greg Barber, Ronald Coleman, and Harriett Rideeoutte.

## VENUE AND JURISDICTION

5.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 87, 1441(a), and 1446(a) because the District of Delaware is the district embracing the place where this action was originally pending, Superior Court of Delaware, New Castle County.

6.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because: (1) there is complete diversity between Defendants and the Diverse Plaintiffs; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

## I.    DIVERSITY EXISTS BETWEEN DEFENDANTS AND SEVENTY-THREE DIVERSE PLAINTIFFS.

7.    There is complete diversity of citizenship between Defendants and at least seventy-three of the Plaintiffs in this action:  The Diverse Plaintiffs allege that he or she is a citizen of Mississippi, New Mexico, Florida, South Carolina, Arkansas, Washington, Texas, Maryland, New Hampshire, North Carolina, Rhode Island, Maine, Michigan, Montana, South Dakota, Kansas, or Missouri.  Defendants are not citizens of any of those states.

8.    Plaintiffs Leroy Brackett, Leodis Conner, Jeffrey Curtis, Cordelia Dickens, Tommie Franklin, Tracey Greer, Mildred Kelly, Mark Kelly, Joseph Landrum, Ronnie Lewis, Arlene Moore, Nadine Orlesby, Dewey Patterson, Wilbert Roundtree, Ray Sellers, Jr., Terry Smith, Damon Smith, Billy Spearman, Emily Use,

and Al Williams allege that they are citizens of Mississippi.  Compl. ¶¶ 30, 55, 65, 75, 95, 130, 180, 185, 195, 205, 255, 265, 285, 335, 360, 385, 390, 400, 420, 435.

9.     Plaintiffs Joseph Garcia, James Logan, James Madore, Manuel Madrid, and Karen Maestes allege that they are citizens of New Mexico.  *Id.* ¶¶ 110, 215, 220, 225, 230.

10.     Plaintiff Cosmo Giusti alleges that he is a citizen of Florida.  *Id.* ¶¶ 120.

11.     Plaintiffs Barbara Allison, Dreama Brant, Judy Craft, Ronnie Ellison, James Henderson, Pearlie Johnson, Marie Magarelli, Jimmy McCarley, Robert Neal, Elvin Parker, Charles Parrott, Douglas Perritt, Wendy Robinson, Yvonne Roper, Kornelia Schreiter, Boyce Sharpe, and Janet Sheppard allege that they are citizens of South Carolina.  *Id.* ¶¶ 10, 35, 60, 145, 175, 235, 245, 260, 275, 280, 295, 325, 330, 355, 365, 375.

12.     Plaintiffs Dennis Dubuque, Phillip Dugan, Amber Hamilton-Roberts, Bobby Pearl, Daniel Rusher, William Shelly, and Christine Thomas allege that they are citizens of Arkansas.  *Id.* ¶¶ 80, 85, 135, 290, 340, 370, 410.

13.     Plaintiffs Michael Johnson, Angela Raskell, Jeffrey Wonser, and Cindy Yapp allege that they are citizens of Washington.  *Id.* ¶¶ 170, 305, 445, 450.

14.     Plaintiff Michael Paige alleges he is a citizen of Texas.  *Id.* ¶ 270.

15.     Plaintiffs Anna Braswell, Gloria Smith, Dawn Wagster, and Robert Yates allege that they are citizens of Maryland.  *Id.* ¶¶ 40, 395, 430, 455.

16.    Plaintiffs Joan Fusco, Theresa Hodgdon, and Bruce Pollard allege that they are citizens of New Hampshire.  *Id.* ¶¶ 100, 155, 300.

17.    Plaintiff Johnny Vollers alleges he is a citizen of North Carolina.  *Id.* ¶ 425.

18.    Plaintiffs Sandy Brewer and John Ryder allege that they are citizens of Rhode Island.  *Id.* ¶¶ 45, 345.

19.    Plaintiff Leon Lindquist, Jr. alleges he is a citizen of Maine.  *Id.* ¶ 210.

20.    Plaintiffs Lillian Henry and Teresa Hutchenson allege that they are citizens of Michigan.  *Id.* ¶¶ 150, 160.

21.    Plaintiffs Margie Stam and Jerald Thompson allege they are citizens of the Montana.  *Id.* ¶¶ 405, 415.

22.    Plaintiff Greg Barber alleges he is a citizen of South Dakota.  *Id.* ¶ 20.

23.    Plaintiff Ronald Coleman alleges that he is a citizen of Kansas.  *Id.* ¶ 50.

24.    Plaintiff Harriett Rideeoutte alleges that she is a citizen of Missouri.  *Id.* ¶ 310.

25.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are

citizens. *Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 418 (3d Cir. 2010).

26.     Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 471. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is therefore a citizen of Delaware and Connecticut.

27.     Defendant Boehringer Ingelheim USA Corporation is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 472. Defendant Boehringer Ingelheim USA Corporation is therefore a citizen of Delaware and Connecticut.

28.     Defendant GlaxoSmithKline LLC is a limited liability company. *Id.* ¶ 467. Its sole member is GlaxoSmithKline Holdings (Americas) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. *Id.* Defendant GlaxoSmithKline LLC is therefore a citizen of Delaware.

29.     Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id.* ¶ 470. Defendant Pfizer Inc. is therefore a citizen of Delaware and New York.

30.     Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.

Case 1:22-cv-01106-GBW   Document 1   Filed 08/23/22   Page 9 of 21 PageID #: 9

*Id.* ¶ 474. Defendant Sanofi US Services Inc. is therefore a citizen of Delaware and New Jersey.

31. Defendant Sanofi-Aventis U.S. LLC is a limited liability company and its sole member is Sanofi US Services, Inc. *Id.* ¶ 475. Defendant Sanofi-Aventis U.S. LLC is therefore a citizen of Delaware and New Jersey.

32. Defendant Patheon Manufacturing Services LLC is a limited liability company organized under the laws of Delaware. DPI Newco LLC is the sole member of Patheon Manufacturing Services LLC. Thermo Fisher (CN) Luxembourg Holding S.a.r.l. is the sole member of DPI Newco LLC. Thermo CIDTEC Inc. and TFS Life Holding LLC are the two members of Thermo Fisher (CN) Luxembourg Holding S.a.r.l. Thermo CIDTEC Inc. is incorporated in New York and also maintains its principal place of business in New York. TFS Life Holding LLC has 5 members: (1) Thermo Fisher Scientific Life Technologies Investment UK I Limited, which is an English company; (2) Thermo Fisher Scientific Sweden Holdings LLC; (3) Thermo Fisher Scientific Investments (Sweden) S.a.r.l.; (4) Thermo Fisher Scientific Life Investments US Financing II LLC; and (5) TFS Group Holding II LLC. Thermo Fisher Scientific Sweden Holdings LLC has two members, Thermo Fisher Scientific Investments (Sweden) S.a.r.l. and TFS Group Holding II LLC. Thermo Fisher Scientific Investments (Sweden) S.a.r.l. has two members, CHK Holdings Inc., a Delaware corporation

with its principal place of business in Massachusetts, and FSWH International Holdings LLC. Fisher Scientific Worldwide Holdings I C.V. is the sole member of FSWH International Holdings LLC. Fisher Scientific Worldwide Holdings I C.V. has two members, Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts, and FSIR Holdings (US) Inc., also a Delaware corporation with its principal place of business in Massachusetts. TFS Group Holding II LLC has two members, Thermo Fisher Scientific Life Investments C.V. and TFS Group Holding I LLC. Thermo Fisher Scientific Life Investments C.V. has two members, Thermo Fisher Scientific Life Investments GP LLC and Thermo Fisher Scientific Life Holdings II C.V. Thermo Fisher Scientific Life Holdings III C.V. is the sole member of Thermo Fisher Scientific Life Investments GP LLC. Thermo Fisher Scientific Life Holdings III C.V. has five members: (1) Thermo Fisher Scientific AL-1 LLC; (2) TFLP LLC; (3) Thermo Fisher Scientific Inc., a Delaware corporation with its principal place of business in Massachusetts; (4) Thermo BioAnalysis LLC; and (5) Erie Scientific LLC. TFLP LLC is the sole member of Thermo Fisher Scientific AL-1 LLC. TFLP LLC has five members: (1) Thermo Electron Corporation, a Delaware corporation with its principal place of business in Massachusetts; (2) Erie Scientific LLC, whose sole member is Apogent Technologies Inc., a Wisconsin corporation with its principal place of business in Massachusetts; (3) Apogent Technologies Inc.; (4) Fisher Scientific Worldwide Inc.,

a Delaware corporation with its principal place of business in Massachusetts; and (5) Fisher WWD Holding L.L.C., whose sole member is Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts. Thermo BioAnalysis LLC has three members: (1) Thermo Fisher Scientific Inc.; (2) Life Sciences International Limited, an English company; and (3) Life Sciences International LLC, whose sole member is Helmet Securities Limited, an English company. TFS Group Holding I LLC has twelve members: (1) Thermo Fisher Scientific Inc., (2) Thermo Luxembourg Holding LLC (Thermo Luxembourg Holding S.a.r.l.), whose sole member is Thermo Fisher Scientific Germany BV & Co. KG, which is owned by Thermo Fisher Scientific Inc. and Thermo Fisher Scientific Germany B.V., a Dutch company; (3) Molecular Bioproducts Inc., a California corporation with its principal place of business also in California; (4) Thermo Fisher Scientific Investments (Sweden) S.a.r.l., which has two members, CHK Holdings Inc., a Delaware corporation with its principal place of business in Massachusetts, and FSWH International Holdings LLC, whose sole member is Fisher Scientific Worldwide Holdings I C.V., whose members are Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts, and FSIR Holdings (US) Inc., a Delaware corporation with its principal place of business in Massachusetts; (5) Fisher Scientific Worldwide Holdings I C.V.; (6) Thermo Fisher Scientific Life Investments US Financing I LLC,

11

whose members are FSIR Holdings (US) Inc. and FSWH International Holdings LLC; (7) Fisher Scientific Worldwide Inc.; (8) Fisher Clinical Services Inc., a Pennsylvania corporation with its principal place of business also in Pennsylvania; (9) Liberty Lane Investment LLC, whose sole member is FSIR Holdings (US) Inc.; (10) Fisher Scientific International LLC, whose sole member is Thermo Fisher Scientific Inc.; (11) Thermo Fisher Scientific Life Investments US Financing II LLC, whose members are Perbio Science Sweden Holdings AB, a Swedish Company, and Thermo Fisher Scientific Life Investments II S.a.r.l., which is owned by Perbio Science AB, a Swedish company; and (12) Erie LP Holding LLC, whose sole member is Erie UK Holding Company, a Delaware corporation with its principal place of business in Massachusetts.  Consequently, Patheon Manufacturing Services LLC is a citizen of, *at most*, New York, Delaware, Massachusetts, Wisconsin, California, Pennsylvania, England, Belgium, and Sweden.

33.    Because Defendants are not citizens of any of the states where the Diverse Plaintiffs reside, complete diversity exists as to those Plaintiffs.  *See* 28 U.S.C. §§ 1332, 1441.

## II.    THE REMAINING PLAINTIFFS ARE FRAUDULENTLY MISJOINED.

34.    Knowing that diversity existed between them and Defendants, the Diverse Plaintiffs fraudulently misjoined their claims with the entirely separate claims of remaining Plaintiffs to destroy diversity and frustrate removal.

35.    Accordingly, the citizenship of the remaining Plaintiffs—Ronnie McKelvey, Richard Harrington, Lance Huggins, Joseph McDonalds, Robert McAllister, Philip McCartin, Allan Muscovitz, Robert Olson, Charles Subecz, Wayne Sylvester, David Tourville, Anthony Cioffi, Daniel Moore, Maverick Crowder, Terry Henning, David Olp, Patrick Pulliam, Charles Rowcliffe, Richard Salo, Sr., and Terry Seidel—should be disregarded when assessing the diversity of citizenship of the Parties.

36.    Where, as here, a plaintiff attempts to defeat diversity jurisdiction in federal court by fraudulently misjoining a non-diverse party having no real connection with the controversy, the federal court may disregard the non-diverse party's citizenship for the purposes of establishing jurisdiction.  *See Breitner v. Merck & Co.*, No. 3:18-CV-15982, 2019 WL 316026, at *2–3 (D.N.J. Jan. 24, 2019); *see also Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)).

37.    Claims are fraudulently misjoined where (1) they have been misjoined and (2) the misjoinder was egregious.  *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II),* No. CIV. A. 11-3045, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014).

38.   The fraudulent misjoinder doctrine is "particularly relevant to large pharmaceutical product liability actions" where "the plaintiffs 'attempt[] to join persons . . . into one civil action who have absolutely no connection to each other except that they each ingested the defendants' drugs.'" *Id.* at *3 (quoting *In re Diet Drugs Prods. Liab. Litig.*, No. Civ. A. 98-20478, 1999 WL 554584 (E.D. Pa. July 16, 1999)); *accord Breitner*, 2019 WL 316026, at *3 ("The doctrine of fraudulent misjoinder has been applied in pharmaceutical cases where courts determined that plaintiffs may not be joined under Rule 20 of the Federal Rules of Civil Procedure, when the plaintiffs 'allege that they took the same drug and suffered similar injuries, but took the drug at different times, received it from different sources, and live in different states.'" (citation omitted)); *see also In re Propicia (Finasteride) Prods. Liab. Litig.*, No. 12-MD-2331, 2013 WL 3729570, at *8 (E.D.N.Y. May 17, 2013) ("The MDL procedure is designed to direct judicial resources and the parties' pretrial litigation efforts more efficiently to benefit both plaintiffs and defendants. If plaintiffs can escape the MDL by joining multiple, unconnected and non-diverse parties in a state court of their choice, they defeat the purposes of the MDL and deny defendants their right to removal.").

39.   Here, Plaintiffs misjoined their claims. Both the Federal and Delaware Superior Court Rules of Civil Procedure 20 allow joinder of claims only if they

"aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."

40.     Each Plaintiff's alleged purchase and use of ranitidine and subsequent alleged development of cancers are separate transactions and occurrences.  Compl. ¶¶ 10–465.  Although Plaintiffs provide almost no factual details in their Complaint, each Plaintiff presumably purchased or acquired different forms of ranitidine from different locations, used ranitidine over different time frames, and were diagnosed with different cancers at different times.   Plaintiffs likely saw different advertisements about ranitidine; some may have seen none at all.  Indeed, Plaintiffs do not even allege that they each used ranitidine manufactured by the same Defendant.

41.     "The majority of courts to address joinder in the context of drug liability cases have found that basing joinder merely on the fact that the plaintiffs ingested the same drug and sustained injuries as a result thereof is insufficient to satisfy Rule 20(a)'s 'same transaction' requirement."  *Cumba v. Merck & Co., Inc.*, No. 08-CV-2328, 2009 WL 1351462, at *1 (D.N.J. May 12, 2009).  Similar attempts to join unrelated pharmaceutical liability cases have been rejected because they "in no way promote[] judicial efficiency or convenience" due to "the complicated causation questions that pervade drug product liability claims" that require "divergent questions of law and fact."  *In re Fosamax*, 2012 WL 1118780, at *4 (citing *In re*

*Rezulin Prods. Liability Litig.*, 168 F. Supp. 2d 136, 146 (S.D.N.Y. 2001)); *see also In re Propicia (Finasteride) Prod. Liab. Litig.*, 2013 WL 3729570, at *12–14; *In re: Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *1 (D. Minn. July 5, 2002); *In re Diet Drugs Prods. Liab. Litig.*, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (finding that non-diverse plaintiffs who did not allege similar circumstances pertaining to their use of pharmaceuticals were fraudulently misjoined because "the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process"); *Breitner*, 2019 WL 316026, at *4 (finding that plaintiffs vaccinated in different years and states and by different healthcare providers were egregiously misjoined to defeat diversity jurisdiction).

42.    Plaintiffs' joinder of their entirely unrelated claims is egregious. Plaintiffs specifically structured their Complaint to defeat diversity. If Plaintiffs had not misjoined their claims, the individual complaints that the Diverse Plaintiffs would be required to file would be removable on their face because the Diverse Plaintiffs are each completely diverse from all Defendants in this case. Plaintiffs joined their claims to frustrate Defendants' ability to remove their claims, knowing that upon removal, the Joint Panel on Multidistrict Litigation will transfer them to the Zantac MDL. Joinder cannot be used to thwart Defendants' statutory right of

removal to federal court. *See In re Diet Drugs Prods. Liab. Litig.*, 1999 WL 554584, at \*2; *In re Fosamax,* 2012 WL 1118780, at \*5; *Breitner*, 2019 WL 316026, at \*2.[2]

43.     In sum, Plaintiffs have improperly crafted their Complaint to avoid federal jurisdiction by bootstrapping on the claims of seventy-three diverse Plaintiffs to the claims of seventeen Plaintiffs who may or may not be diverse depending on what medications they took and when they took them.  Such misjoinder is egregious.

44.     Because Plaintiffs' claims are fraudulently misjoined, the Court should sever all Plaintiffs pursuant to Federal Rule of Civil Procedure 21 and properly exercise jurisdiction over the case.  After severance, the Court should retain jurisdiction over the Diverse Plaintiffs' claims and remand the remaining Plaintiffs' claims to the Delaware Superior Court.

---

[2]     Although their blatant attempt to avoid transfer of seventy-three Plaintiffs' claims to the MDL is independently sufficient for the Court to find fraudulent misjoinder, the egregiousness of Plaintiffs' misjoinder is further underscored by their artful pleading.  Specifically, Plaintiffs have deliberately failed to differentiate between each Defendant's alleged conduct or identify which "Ranitidine-Containing Drug" each Plaintiff took and when he or she took it—thus enabling them (for now) to get around the fraudulent joinder (as opposed to misjoinder) doctrine, which requires courts to evaluate diversity jurisdiction without regard to the citizenship of any defendant against whom the plaintiff does not have a colorable claim.  *See Avenatti v. Fox News Network LLC*, 41 F.4d 125, 133 (3d Cir. 2022).  The omitted information will likely show that several (if not all) of the seventeen remaining Plaintiffs are also diverse vis-à-vis the specific Defendant(s) who actually manufactured or distributed the Zantac they allegedly consumed.  Accordingly, not only are the claims of seventy-three Plaintiffs demonstrably removable right now, all Plaintiffs' actions might be removable right now but for their deliberately vague pleadings.

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

45.   Plaintiffs' claims satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a).

46.   Where, as here, a complaint does not set forth a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Remand is proper only "if it appears to a legal certainty that the Plaintiff **cannot** recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

47.   Federal courts in this Circuit routinely find that the amount in controversy requirement is satisfied where, as here, a plaintiff alleges serious bodily injury and related damages.  *See, e.g.*, *Johnson v. Organo Gold Int'l, Inc.*, 146 F. Supp. 3d 590, 593 (D. Del. 2015); *Strauss v. Ghuman Truck Serv., Inc.*, 2015 WL 1822576, at *3 (E.D. Pa. Apr. 22, 2015) (holding that claims for "serious injuries, medical expenses, and present and future wage loss . . . clearly indicate that the amount in controversy is in excess of $75,000"); *Howlett v. Irwin*, 2011 WL 722373, at *2 (E.D. Pa. March 1, 2011) (holding that the amount in controversy was met where plaintiff alleged "serious injury . . . pain, discomfort, trauma, anxiety, and/or mental anguish" and economic damages).  Moreover, in another Zantac-related case alleging cancer as an injury, a federal court in the District of Nevada denied a motion

to remand where the amount in controversy was not alleged, because the requirement was satisfied on the face of the complaint by the nature of the injury. *See, e.g.*, *Brooks v. Sanofi, S.A.*, 2020 WL 1847682, at *4 (D. Nev. Apr. 13, 2020); *see also Gates v. 84 Lumber Co.*, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) (inferring that the amount in controversy requirement was met when the alleged injury included cancer).

48.    Here, it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.  Plaintiffs each allege that as "a direct and proximate result of consuming carcinogenic Ranitidine-Containing Drugs," they "suffered significant harm, conscious pain and suffering, physical injury and bodily impairment including, but not limited to cancer, other permanent physical deficits, permanent bodily impairment and other sequelae, lost income, impairment of power to labor and earn money, and will incur past and future medical expenses." *E.g.*, Compl. ¶¶ 10, 14.  Plaintiffs also seek several categories of damages, including actual and compensatory damages, exemplary and punitive damages, and attorney's fees. *Id.* at 163 (Prayer for Relief).  It is thus clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.    ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED.

49.    No Defendant has been properly served to date.  Delaware Superior Court Rule of Civil Procedure 4 requires that service of process be made by the

sheriff at the direction of the prothonotary. *See* SUPER. CT. CIV. R. 4(a) & 4(d); *Alston v. Dipasquale*, No. Civ.A 01C-07-050, 2001 WL 34083824, at \*1 (Del. Super. Oct. 19, 2001).   But the sheriff has not yet served Defendants. Instead, Plaintiffs' counsel merely provided Defendants with courtesy copies of a Complaint, with no docket number or stamp from the Court, in another, nearly identical action that was voluntarily dismissed.  Plaintiffs then filed this action.

50.     Because Plaintiffs have not yet properly served Defendants, 28 U.S.C. § 1441(b)(1) does not apply. *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018); *Papa Air LLC v. Cal-Mid Props. L.P.*, 2020 WL 3037068, at \*2–6 (N.D. Ala. June 5, 2020).

51.     Because the Complaint was filed on August 18, 2022, this Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b)(1).

52.     Similarly, because Plaintiffs have not yet properly served any Defendants, no other Defendants are required to join or consent to removal under 28 U.S.C. § 1446(b)(2)(A).

53.     The Removing Defendant is providing Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

54.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendant is filing a copy of this Notice of Removal with the clerk of court in the Superior Court of Delaware.

55.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to the Removing Defendant at the time of filing this Notice—are attached hereto as **Exhibit A.**

56.    If any question arises regarding the propriety of the removal to this Court, the Removing Defendant request the opportunity to present a brief and be heard at oral argument in support of removal.

57.    No previous application has been made for the relief requested herein.

## CONCLUSION

WHEREFORE, Removing Defendant gives notice that the matter bearing Case No. N22C-08-173, pending in the Superior Court of Delaware, is removed to the United States District Court for the District of Delaware.

DATED:     August 23, 2022

> Respectfully Submitted,
>
> **ECKERT SEAMANS**
> **CHERIN & MELLOTT, LLC**
>
> */s/ Colleen D. Shields*
> COLLEEN D. SHIELDS (#3138)
> PATRICK M. BRANNIGAN (#4778)
> JESSICA L. RENO (#5950)
> 222 Delaware Avenue, Suite 700
> Wilmington, DE 19801
> 302-574-7400
> Attorneys for Defendant
> GlaxoSmithKline, LLC